UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner<br><br>v.<br><br>BRIAN E. TORRANCE,<br><br>Respondent. | No. 2:18-cv-1631-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

The court ordered respondent Brian Torrance to show cause why he should not be compelled to comply with an Internal Revenue Service ("IRS") tax summons.[1] ECF No. 4. He has not done so and for the following reasons, it is recommended that respondent be ordered to comply with the tax summons.[2]

I.  Background

The United States filed a petition to enforce an IRS summons on June 5, 2018. ECF No. 1. According to the petition, Revenue Agent David Palmer is assigned to collect the assessed federal income tax (Form 1040) liabilities for respondent for tax years 2006, 2008, 2009, 2010

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] This action was previously assigned to another magistrate judge. Prior to reassignment, the former magistrate judge ordered the matter submitted without appearance and without oral argument pursuant to Eastern District of California Local Rule 230(g). ECF No. 17.

1

and 2011; and Trust Fund Recovery Penalty for years 2006, 2007, and 2008. *Id.* at ¶ 4. Agent Palmer issued an Internal Revenue Service summons directing Torrance to appear before the agent on May 2, 2017, to give testimony and produce for examination books, papers, records or other data. *Id.* at ¶ 6. This information was sought because it is relevant to the collection of Torrance's assessed tax income liabilities. *Id.* at ¶ 12. That same day, a copy of the summons was personally handed to an employee of Mr. Torrance, at his place of business. *Id.* at ¶ 7. In response, Torrance sent a letter objecting to the summons and noticed his intent to move to quash the summons. *Id.* at ¶ 8. Torrance failed to appear at the summons hearing. *Id.* at ¶ 9.

The government filed an application for an order to show cause and Torrance was ordered to appear before the court on August 2, 2018, to show why he should not be ordered to comply with the summons.[3] ECF No. 4. The government served Torrance with a copy of the order to show cause and the petition and its exhibits. ECF No. 7. Thereafter, Torrance filed a document entitled "Respondent's Motion to Dismiss for Lack of Jurisdiction for want of '*appropriate process*,'" which the court construed as an opposition to the government's petition to enforce the IRS summons. ECF No. 9; *see also* ECF No. 10. The opposition lacks merit.

II.     Enforcement of IRS Petition

26 U.S.C. § 7602(a) authorizes the IRS to issue summons for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a). The IRS is authorized to take the taxpayer's testimony and "examine any books, papers, record, or other data which may be relevant or material to such inquiry." *Id*.

To enforce a summons, the IRS must establish a prima facie case that (1) there is a legitimate purpose for the investigation; (2) the material sought in the summons is relevant to that purpose; (3) that the material sought is not already within the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been taken. *United States v.*

---

[3] The hearing on the order to show cause was continued multiple times prior to being vacated and the matter submitted on the parties' briefs. ECF Nos. 6, 10, 14, 17.

2

*Powell*, 379 U.S. 48, 57-58 (1964). The burden of establishing a prima facie case is "a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993). Once the government has satisfied its burden, the taxpayer then has the heavy burden of showing that there was an abuse of process or lack of institutional good faith. *Id.* "Enforcement of a summons is generally a summary proceeding to which the taxpayer has few defenses." *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999).

Here, the declaration of investigating agent David Palmer establishes that the summons served on Torrance is relevant to the collection of his assessed federal income tax liabilities for the tax years 2006, 2008, 2009, 2010, and 2011; and Trust Fund Recovery Penalty for calendar years 2006, 2007, and 2008. ECF No. 15-1 ¶ 2. The information sought concerns the sources of income and various assets from which the IRS can collect unpaid tax liabilities. ECF No. 1 ¶ 12. Mr. Palmer further declares that the testimony and documents sought are not already in possession of the IRS, and that all administrative steps have been followed. ECF No. 15-1 ¶¶ 3, 5. Accordingly, the government has made a prima facie showing for enforcement of the summons as required by *Powell*.

Attempting to defeat enforcement of the summons, Torrance argues that Agent Palmer was not statutorily authorized to issue or serve it. ECF No. 9. He claims that pursuant to 26 U.S.C. § 7608, revenue officers like Mr. Palmer are only permitted to serve IRS summons when seeking to enforce federal laws pertaining to taxable commodities, such as alcohol, firearms, and tobacco. ECF No. 9 ¶¶ 21-33. Because the instant summons does not pertain to such commodities, Torrance contends that 26 U.S.C. §§ 7602 and 7603, only permit the "Secretary," and not Agent Palmer, to issue and serve the summons. *Id.* ¶ 4. Torrance is mistaken.

Section 2602 of Title 26 of the United States Code authorizes the Secretary of the Treasury to "summon the person liable for tax . . . to appear before the Secretary at a time and place named in the summons and to produce . . . books, papers, records, or other data, and to give

such testimony, under oath, as may be relevant or material to such inquiry." 26 U.S.C. § 7603(a) provides that a summons issued under section "7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode . . . ." Significantly, for purposes of Title 26, "Secretary" is defined as "the Secretary of the Treasury *or his delegate*." 26 U.S.C. § 7701(a)(11)(b) (emphasis added). Further, Treasury Regulation § 301.7701-9(b) allows the Secretary of the Treasury to delegate powers to the Commissioner of Internal Revenue, and this authority may be redelegated to "any officer or employee" under the Commissioner's supervision. 26 C.F.R. § 301.7701-9(c); *see also Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) ("[D]elegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees."). Thus, contrary to Torrance's contention, sections 7602 and 7603 authorized Agent Palmer to issue and serve the summons.

Furthermore, section 7608[4] "applies only to criminal enforcement officers performing certain functions relating to undercover operations, subtitle E of the Internal Revenue Code and other laws relating to alcohol, firearms and tobacco." *See In re Beam*, 192 F.3d 941, 945-946 (9th Cir. 1999). Moreover, nothing in § 7608 limits a revenue officer's authority to issue and serve summons under §§ 7602 and 7603.

Thus, Torrance has failed to satisfy his heavy burden of showing that there was an abuse of process or lack of institutional good faith. *See Crystal*, 172 F.3d at 1144 (9th Cir. 1999). Accordingly, the IRS summons was properly issued, served, and is fully enforceable.

/////

/////

---

[4] 26 U.S.C. § 7608(a)(2) provides in relevant part: "Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible, may execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States."

III. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. The IRS summons served upon respondent Brian Torrance be enforced; and

2. Torrance be ordered to appear before Revenue Agent David Palmer (or his designated representative), at a time and location set in writing by Agent Palmer, on the twenty-eighth day after the filing date of any order adopting these findings and recommendations, or a later date to be set in writing by Agent Palmer. Torrance shall give testimony, and produce for examination and copying the books, checks, records, papers and other data demanded by the summons.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE