UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN TORRANCE,<br><br>Respondent. | No.  2:18-cv-1631-JAM-EFB PS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

This case was before the court on April 1, 2020, for hearing on petitioner the United States' motion to compel respondent Brian Torrance's compliance with an Internal Revenue Service's ("IRS") summons. ECF No. 31. Assistant United States Attorney Steven Tennyson appeared on behalf of petitioner; respondent appeared pro se. Also pending is respondent's motion to dismiss this case. ECF No. 34.

For the reasons stated on the record, and as discussed briefly below, petitioner's motion to compel is granted. Further, it is recommended that respondent's motion to dismiss be denied.

I.  Motion to Compel

Revenue Agent David Palmer previously issued an IRS summons directing Torrance to appear before the agent on May 2, 2017, to give testimony and produce for examination books, papers, records or other data. *Id*. at ¶ 6. After Torrance failed to comply with the summons, the government filed a petition seeking enforcement. ECF No. 1. The court ordered enforcement of

the summons and directed Torrance to appear before Agent Palmer to provide testimony and produce the documents requested by the summons. ECF Nos. 20 & 25. Torrance subsequently appeared before Agent Palmer but refused to produce any documents. Palmer Decl. (ECF No. 31-2) ¶ 2. Instead, he claimed that all responsive information was privileged under the Fifth Amendment since "any of the information surrendered could be used against [him] criminally."[1] *Id.* ¶ 6. The government now seeks an order directing Torrance to provide the documents demanded by the IRS's summons.

The Fifth Amendment privilege against self-incrimination "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1998) ("[T]he Fifth Amendment would not be violated by the fact alone that [documents] on their face might incriminate the taxpayer . . . ."). Accordingly, for a communication to be privileged under the Fifth Amendment, it "must be testimonial, incriminating, and compelled." *Hiibel v. Sixth Judicial Dist. Ct. of Nevada, Humboldt Cnty.*, 542 U.S. 177, 189 (2004). A taxpayer may assert a claim of Fifth Amendment privilege where there "are 'substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial,' that information sought in an IRS summons might be used to establish criminal liability." *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996) (quoting *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984)). This requires the taxpayer to establish that the privilege applies to each question and/or document, and "a blanket claim of privilege is unacceptable." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015); *see also Boday v. United States*, 759 F.2d 1472, 1474 (9th Cir. 1985) (holding "[a]ppellants failed to meet their burden because they offered no specific evidence . . . [and] merely suggested hypothetical situations in which some of the Form 1040 questions might tend to incriminate the taxpayer.").

/////

---

[1] Torrance also refused to provide testimony based on an assertion of the Fifth Amendment privilege against self-incrimination. The government indicated at the April 1 hearing that it currently only seeks to compel Torrance to produce the document's requested by the IRS summons, not to compel his testimony. Accordingly, the court need not decide at this time whether Torrance's refusal to provide testimony was appropriate.

Here, Torrance has not demonstrated that any specific document contains information that is privileged under the Fifth Amendment. Significantly, he has not produced a privileged log identifying the specific documents he claims to contain privileged information. *United States v. Bright*, 596 F.3d 683, 691 (9th Cir. 2010) (to allow for a reasoned assessment of a privilege claim, taxpayer must "produce a privilege log or turn over any contested documents for in camera review."). Rather, he has simply made a blanket assertion of privilege without making any particularized showing. *See* ECF No. 33. Consequently, he has failed to meet his burden of showing that specific communications are privileged under the Fifth Amendment. Accordingly, the government's motion compel is granted.

## II.     Motion to Dismiss

Torrance's motion to dismiss this case is premised on his contention that he cannot be compelled to comply with the IRS's summons because doing so would violate his Fifth Amendment right against self-incrimination. *See* ECF No. 34. As just explained, Torrance has failed to satisfy his burden of demonstrating that the documents sought by the IRS summons contain privileged information. Accordingly, his motion to dismiss must be denied.

## III.    Conclusion

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to compel respondent's compliance with the IRS's summons (ECF No. 31) is granted;

2. Within 21 days of this order, Torrance shall produce for examination books, papers, records or other data demanded by the summons; and

3. Should Torrance believe that any demanded documents contain privileged information, Torrance shall produce, within 21 days of this order, a privilege log describing "the nature of the documents . . . in a manner that, without revealing information itself privileged or protected," allows the government to assess his claim(s) of privilege. Fed. R. Civ. P. 26(b)(5). For each document claimed to contain privileged information, Torrance shall identify the date, author and recipient, if any, for each document, and some clarification for why the document meets the requirements for being privileged.

Further, it is RECOMMENDED that respondent's motion to dismiss this case (ECF No. 34) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 21, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE