UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Petitioner,<br><br>  v.<br><br>BRIAN TORRANCE<br><br>  Respondent. | No.  2:18-cv-1631-JAM-EFB PS<br><br><br><br>ORDER |

The United States filed this action seeking to enforce an IRS summons served on respondent Brian Torrance.  ECF No. 1.  The court previously denied respondent's request for appointment of counsel, finding that he failed to demonstrate that appointing counsel was appropriate.  Respondent now renews his request for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint counsel to represent an indigent civil litigant in certain exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988).  In considering whether exceptional circumstances exist, the court must evaluate (1) the petitioner's likelihood of success on the merits and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (1991).

/////

Respondent argues appointing counsel is appropriate because the government has falsified records related to his tax liabilities. ECF No. 49 at 1-2. He further argues that counsel is necessary to help him establish that this court lacks jurisdiction over this case. *Id*. at 3-4.

As a threshold matter, respondent has failed to demonstrate that he is unable to afford an attorney. More significantly, he has failed to show that exceptional circumstances warrant the appointment of counsel. This action does not involve novel or complex issues. Instead, the government's petition only seeks to compel respondent to provide testimony and documents needed to determine and collect the tax liability for certain years. Further, respondent's likelihood of success or the degree of respondent's ability to articulate his arguments do not amount to exceptional circumstances justifying the appointment of counsel. Respondent has demonstrated no difficulty articulating his position in his multiple filings. The court also explained to respondent, on multiple occasions, that it has jurisdiction over this action. *See* ECF Nos. 20, 25, 28, 38. Lastly, respondent argument that purported falsified his tax records is unavailing. The government specifically seeks information to assess his tax liabilities, and respondent has not shown that the purported fraud prevents him from providing such information.

Accordingly, it is hereby ORDERED that respondent's request for appointment of counsel (ECF No. 49) is denied.

DATED: September 21, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE