UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN TORRANCE,<br><br>Respondent. | No. 2:18-cv-1631-JAM-EFB-PS<br><br>ORDER, FINDINGS, AND CERTIFICATION RE: CIVIL CONTEMPT<br><br>ECF No. 51 |

Petitioner United States of America filed this action seeking to enforce an Internal Revenue Service ("IRS") summons served on respondent Brian Torrance ("Torrance"). ECF No. 1. The government has filed a motion to hold Torrance in civil contempt.[1] ECF No. 51. I held a hearing on the motion on October 8, 2020. Assistant United States Attorney Steven Tennyson appeared on behalf of the government; Torrance appeared pro se.

As detailed below, Torrance has willfully violated two court orders requiring him to produce documents demanded by an IRS summons. Accordingly, he is ordered to appear before the assigned district judge to show cause why coercive sanctions should not be imposed for civil contempt.

/////

---

[1] This case is before me pursuant to Eastern District of California Local Rule 302(c)(9). *See* 28 U.S.C. § 636(b)(1).

1

## I. Background

On June 5, 2018, the government filed a petition to enforce an IRS summons. ECF No. 1. According to the petition, Revenue Agent David Palmer is assigned to collect the assessed federal income tax (Form 1040) liabilities for Torrance for tax years 2006, 2008, 2009, 2010, and 2011; and Trust Fund Recovery Penalty for years 2006, 2007, and 2008. *Id*. at ¶ 4. Agent Palmer issued an IRS summons directing Torrance to appear before the agent on May 2, 2017 to give testimony and produce for examination books, papers, records, or other data relevant to the collection of Torrance's assessed tax liabilities. *Id*. at ¶¶ 6, 12.

After Torrance failed to appear at the summons hearing, the government commenced this action and filed an application for an order to show cause why Torrance should not be ordered to comply with the summons. Judge Brennan, the magistrate judge previously assigned to this case, recommended that the IRS summons be enforced. ECF No. 20. On October 4, 2019, the court adopted Judge Brennan's findings and recommendations and ordered that the IRS summons be enforced. ECF No. 25. The court also ordered Torrance to appear before Agent Palmer on either November 1, 2019, or on a later date to be set in writing by Agent Palmer, to give testimony and produce documents and other information demanded by the summons. *Id*. at 2.

Torrance subsequently moved to alter or amend the October 4, 2019 order, arguing that the court lacked jurisdiction to enforce the IRS summons. ECF No. 26. On December 18, 2019, after the court denied that motion, Torrance appeared before Officer Palmer. ECF No. 31-2 ¶ 2. Torrance, however, refused to provide testimony or produce documents demanded by the summons, claiming that the information sought was privileged under the Fifth Amendment. *Id*. ¶¶ 5, 6.

The government then moved to compel Torrance's compliance with the court's October 4, 2019 order, arguing that Torrance's blanket privilege assertion was improper. ECF No. 31. The government also asked that Torrance be required to produce a privilege log identifying each document over which he was asserting privilege. ECF No. 31-1 at 5. On April 22, 2020, Judge Brennan granted the government's motion to compel and ordered Torrance to produce, by no later than May 14, 2020, the documents and data demanded by the summons. ECF No. 37 at 3. The

2

1  order further provided that if Torrance believed any documents contain privileged information, he
2  was required to produce, by May 14, 2020, a privilege log describing the nature of each withheld
3  document. *Id*.

4  In violation of the court's October 4, 2019 and April 22, 2020 orders, Torrance has
5  refused to provide the information demanded by the IRS summons. This is not in dispute; at the
6  October 8 hearing, Torrance confirmed that he has not produced any of the documents demanded
7  by the summons. The government now asks the court to find Torrance in civil contempt and to
8  impose coercive sanctions to secure his compliance with the October 4, 2019 and April 22, 2020
9  orders. ECF No. 51.

10 **II.     Legal Standards**

11  "A court has the inherent power to punish for civil or criminal contempt any obstruction
12 of justice relating to any judicial proceedings." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir.
13 1976). Civil contempt "consists of a party's disobedience to a specific and definite court order by
14 failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n,*
15 *Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The purpose of a civil contempt sanction is
16 to coerce the party in contempt to comply with the court's order in the future, with the sanction
17 conditioned on continued noncompliance. *Richmark Corp. v. Timber Falling Consultants*, 959
18 F.2d 1468, 1481 (9th Cir. 1992). Thus, a party imprisoned for contempt "carries the keys of his
19 prison in his own pocket because civil contempt is intended to be remedial by coercing the
20 defendant to do what he had refused to do." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th
21 Cir. 2005); *see Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("[T]he
22 ability to purge is perhaps the most definitive characteristic of coercive civil contempt.").

23 "The moving party has the burden of showing by clear and convincing evidence that the
24 contemnors violated a specific and definite order of the court." *Federal Trade Comm'n v.*
25 *Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). To establish that civil contempt is
26 appropriate, the government must demonstrate "(1) that [Torrance] violated the court order,
27 (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of
28 the order, (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th

3

Cir. 2010).  Once the government has made this showing, the burden shifts to Torrance to demonstrate that he "took all reasonable steps within his power to insure compliance with" the court's orders.  *Hook v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997).

The district court has considerable discretion in fashioning the appropriate sanction to address the contemptuous conduct.  *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1364, 1369 (9th Cir. 1980) ("The choice among the various sanctions rests within the discretion of the district court."); *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980) (The Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which contempt springs.").  In exercising its discretion, a "district court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders."  *Flores*, 628 F.2d at 527 (quotation omitted).

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), when a party's conduct "constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified."  At the hearing, "[t]he district judge shall . . . hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district judge."  *Id*.

**III.   Discussion**

The record shows that Torrance has willfully disobeyed two separate orders.  On October 4, 2019, the court ordered the IRS summons enforced.  ECF No. 25.  That order directed Torrance to appear before Agent Palmer either on November 1, 2019 or on a later date to be set by Agent Palmer, to give testimony and produce documents and other data demanded by the summons.  *Id*. at 2.  While Torrance did appear before Agent Palmer on December 18, 2019, he refused to comply with the court's order requiring him to give testimony and produce documents demanded by the IRS summons.  ECF No. 31-2 ¶ 2; *see* ECF No. 25.  Instead, he improperly asserted a

4

blanket claim that all information sought is protected by the Fifth Amendment's privilege against self-incrimination. ECF No. 31-2 ¶¶ 4-7; *see United States v. Christensen*, 825 F.3d 763, 803 (9th Cir. 2015) ("The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable."); *United States v. Brown*, 918 F.2d 82, 84 (9th Cir. 1990) ("[W]hile the assertion of the Fifth Amendment privilege against compulsory self-incrimination may be a valid ground upon which a witness . . . declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production.").

Torrance's refusal to provide testimony and produce documents on December 18, 2019 was a direct violation of the October 4, 2019 order. Although that violation alone was sufficient to support a finding of civil contempt, the government initially opted to file a motion seeking Torrance's compliance with the October 4, 2019 order. ECF No. 31. By proceeding in this fashion, the government afforded Torrance an opportunity to properly assert any privilege claim that he might have under the Fifth Amendment—an opportunity Torrance squandered.

As previously noted, on April 22, 2020, Magistrate Judge Brennan granted the government's motion to compel and ordered Torrance, by May 14, 2020, to produce for examination books, papers, records, or other data demanded by the summons. ECF No. 37. Torrance was further ordered to produce, by May 14, 2020, a privilege log describing the nature of each document purportedly containing privileged information. *Id*. at 2. Torrance conceded at the October 9 hearing that he has neither produced any documents nor provided the government with a privilege log.

Furthermore, Torrance has made no attempt to show that he was unable, despite efforts, to comply with the October 4, 2019 and April 22, 2020 orders. *See Hook*, 107 F.3d at 1403. Instead, he has repeated advanced frivolous arguments challenging the court's jurisdiction to enforce the IRS summons. *See* ECF Nos. 9, 21, 24, 26, 29, 34, 44, 50. Thus, clear and convincing evidence demonstrates that Torrance, without legal justification, has willfully violated the court's October 4, 2019 and April 22, 2020 orders.

The government asks that the court impose a $350 daily fine while Torrance remains in

contempt. ECF No. 51-1 at 6. It further requests that fines not commence until seven days after a finding of civil contempt so as to provide Torrance an opportunity to comply with the October 4, 2019 and April 22, 2020 orders. *Id*. In assessing the appropriate amount of a coercive fine, courts "consider the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanctions.'" *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)).

After the October 8 hearing, I ordered the government to submit information regarding Torrance's assessed tax liabilities and to share with the court any readily available information bearing on his ability to pay. ECF No. 68. In response, the government submitted a declaration reflecting that Torrance's assessed tax liabilities, including interest and penalties, total more than $944,000. ECF No. 72-1.[2] The government's evidence also shows that Torrance has received annual payments ranging between thirty and forty thousand dollars. *Id*. at ¶ 11. However, the government notes that because Torrance has repeatedly failed to comply with his federal tax responsibilities, information regarding his current financial resources is limited. *Id*. at ¶¶ 8-12.

In light of the government's submission, imposition of a $350 daily fine is appropriate. Torrance's indebtedness to the government currently totals nearly one million dollars. Given the scale of this debt, a lesser sanction might not motivate Torrance to comply with the court's

---

[2] Torrance has since moved to strike the government's declaration, essentially arguing that it falsely claims that he owes taxes. ECF No. 74. Although Torrance has consistently maintained that his assessed tax liabilities are inaccurate, that issue is beyond the scope of this action. The government filed this action to obtain judicial enforcement of an IRS summons, not to litigate Torrance's tax liability. ECF No. 1; *see* 26 U.S.C. §§ 7402(b), 7604(a). More significantly, except under limited circumstances, the Anti-Injunction Act precludes district courts from entertaining challenges to tax assessment or the collection of taxes. 26 U.S.C. § 7421(a); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) ("Actions to enjoin the assessment of taxes by the IRS are narrowly limited by the Anti-Injunction Act."); *see also* 28 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary."); *Reynoso v. United States*, 692 F.3d 973, 981 (9th Cir. 2012) (noting that to bring a civil action for a tax refund, a taxpayer must have paid in full his assessed taxes). Consequently, Torrance's contention that the government's declaration incorrectly reflects his actual tax liabilities does not provide a basis for striking the declaration. His motion to strike will be denied.

October 4, 2019 and April 22, 2020 orders. Furthermore, a $350 daily fine is not disproportionate to sanctions imposed by other district court's in similar cases. *See United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) ("The district court's imposition of a $500 daily fine and payment of the government's costs was well within the range of appropriate sanctions to secure compliance with a tax summons."); *United States v. Gillies*, No. CV-11-3623 CW MEJ, 2013 WL 968244, at *2 (N.D. Cal. Feb. 22, 2013), *report and recommendation adopted*, No. C 11-03623 CW, 2013 WL 968231 (N.D. Cal. Mar. 12, 2013) (recommending coercive sanction of imprisonment after daily fine of $250.00 failed to gain compliance with court's order); *United States v. Parker*, No. 2:08-cv-01200-LDG-VCF, 2011 WL 5325475, at *3 (D. Nev. Nov. 3, 2011) (ordering defendant to show cause why he should not be found in civil contempt and subjected to $500 daily fine until he provides responses to discovery requests); *see also United States v. Canul*, No.: 11-CV-01658-LHK, 2014 WL 46771 (N.D. Cal. Jan. 6, 2014) (entering judgment against respondent "in the amount of $62,750, which consists of a monetary civil contempt fine of $250 per day . . . .").

Based on the forgoing, Torrance is directed to appear before Judge Mendez to show cause why he should not be found in civil contempt and subjected to a fine of $350 each day until he complies with the court's October 4, 2019 and April 22, 2020 orders.

**IV.    Conclusion**

For the reasons state above, it is hereby ORDERED that:

1. Respondent Brian Torrance's motion to strike the government's declaration, ECF No. 74, is denied.

2. Torrance is ordered to appear before Judge Mendez on November 24, 2020 at 1:30 p.m. in Courtroom No. 6, to show cause why coercive monetary sanctions should not be imposed for civil contempt until he fully complies with the courts' October 4, 2019 and April 22, 2020 orders.

3. Torrance shall file, by no later than November 10, 2020, any evidence he may have to demonstrate that he has purged himself of contempt.

4. The government may file a response to Torrance's evidence, if any, by November 17,

2020.

Dated: October 29, 2020

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE