McGREGOR W. SCOTT
United States Attorney
STEVEN S. TENNYSON
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA 95814-2322
Telephone: (916) 554-2798
Facsimile: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN E. TORRANCE,<br><br>Respondent. | Case No. 2:18-CV-01631-JAM-EFB<br><br>**ORDER** |

Petitioner United States of America filed this action seeking to enforce an Internal Revenue Service summons served on Respondent Brian Torrance. (ECF No. 1). On April 22, 2020, the magistrate judge issued proposed Findings and Recommendations, finding that Torrance had willfully violated two court orders requiring him to produce documents demanded by the IRS summons. (ECF No. 75). Torrance filed an objection to the Findings and Recommendations (ECF No. 78), and the United States filed a reply. (ECF No. 83). On November 24, 2020, the Court held a hearing on this matter. Assistant United States Attorney Steven Tennyson appeared on behalf of the United States. Torrance appeared pro se.

As stated below and for the reasons stated on the record, the Court adopts the proposed Findings and Recommendations in full, holds Torrance in contempt, and imposes a $350.00 daily fine on Torrance until he complies with the Court's orders. In order to give Torrance one final opportunity to comply with the Court's orders, the Court stays the impact of this order for thirty days.

ORDER 1

## I. Standard of Review

The Court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

## II. Facts

On June 5, 2018, the government initiated this case by filing a petition to enforce an IRS summons. (ECF No. 1). The magistrate judge found that the United States had satisfied the factors under *Powell*, and recommended that the IRS summons be enforced. (ECF No. 20 at 2-3) (citing *United States v. Powell*, 379 U.S. 48 (1964)). On October 4, 2019, the Court adopted the magistrate judge's proposed Findings and Recommendations and ordered that the IRS summons be enforced. (ECF No. 25). The Court also ordered Torrance to appear before IRS Revenue Officer David Palmer to give testimony and produce documents demanded by the summons. (*Id*. at 2).

On December 18, 2019, Torrance appeared for an examination before Officer Palmer. (ECF No. 31-2 at ¶ 2). During that examination, Torrance refused to provide testimony or produce documents demanded by the summons, claiming that all of the information sought was privileged under the Fifth Amendment. (*Id*. at ¶¶ 5, 6).

The United States then moved to compel Torrance's compliance with the Court's October 4, 2019 order, arguing that Torrance's blanket privilege assertion was improper. (ECF No. 31). On April 22, 2020, the magistrate judge granted the motion to compel and ordered Torrance to produce, by no later than May 14, 2020, the documents and data demanded by the summons. (ECF No. 37 at 3). That order also required Torrance to provide a privilege log, if he withheld documents on the basis of any privilege. (*Id*.)

Claiming that Torrance had failed to comply with the October 4, 2019 and April 22, 2020 orders,

the United States filed a motion to hold Torrance in contempt.  (ECF No. 51).  The magistrate judge held a hearing on that motion on October 8, 2020.  (ECF No. 75 at 1).  The magistrate judge found that Torrance had "confirmed that he has not produced any of the documents demanded by the summons." (*Id*. at 3).  Further, the magistrate judge found that Torrance made no attempt to show that he was unable, despite efforts, to comply with the October 4, 2019 and April 22, 2020 orders.  (*Id*. at 5)  The magistrate judge therefore found that clear and convincing evidence demonstrates that Torrance, without legal justification, had willfully violated the Court's October 4, 2019 and April 22, 2020 orders.  (*Id*.) Further, the magistrate judge recommended that the Court impose a daily coercive contempt fine of $350, as a lesser sanction might not motivate Torrance to comply with the Court's orders in light of Torrance's assessed tax liabilities.  (ECF No. 75 at 6-7).

On November 24, 2020, the Court held a hearing in this case.  (ECF No. 85).  At that hearing, Torrance suggested that he possessed certain documents responsive to the summons and that he intended to comply with the Court's orders.

**III.   Discussion**

The Court has the inherent power to hold parties in civil contempt.  *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976).  Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  The purpose of a civil contempt sanction is to coerce the party in contempt to comply with the court's order in the future, with the sanction conditioned on continued noncompliance.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992).

"The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."  *Federal Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). To establish that civil contempt is appropriate, the government must demonstrate "(1) that [Torrance] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).  Once the government has made this showing, the burden shifts to Torrance to demonstrate that he "took all reasonable steps

within his power to insure compliance with" the court's orders. *Hook v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997).

Here, clear and convincing evidence demonstrates that Torrance has entirely failed to comply with the Court's orders. (ECF Nos. 25, 37). First, Torrance's fillings have acknowledged that he knows what these orders required. (*See, e.g.*, ECF No. 44 at 1). Yet, he has "confirmed that he has not produced any of the documents demanded by the summons." (ECF No. 75 at 3). Second, rather than demonstrate substantial compliance, Torrance has "made no attempt to show that he was unable, despite efforts, to comply with the October 4, 2019 and April 22, 2020 orders." (*Id*. at 5). Third, Torrance's noncompliance is not based on a misinterpretation of the Court's orders. Instead, he has asserted meritless arguments challenging the court's jurisdiction, even though the Court has repeatedly-rejected these arguments. (*See, e.g*., ECF No. 46). The Court's prior rejection of these arguments is binding and precludes Torrance's reassertion of these arguments at the contempt stage. *United States v. Brown*, 918 F.2d 82, 83 (9th Cir. 1990). Accordingly, Torrance is in civil contempt.

If a party is found to be in civil contempt, a court may impose coercive sanctions, which are designed "to coerce obedience to a court order." *Gen. Signal Corp. v. Donallco, Inc*., 787 F.2d 1376, 1380 (9th Cir. 1986). Coercive civil sanctions "generally take the form of conditional fines." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016). Where a courts issue a coercive fine, they consider the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction, and the contemnor's financial resources. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)).

Considering these factors, the Court finds that the magistrate judge's recommended daily fine of $350 is appropriate. *See United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) (holding "the district court's imposition of a $500 daily fine . . . was well within the range of appropriate sanctions to secure compliance with a tax summons"). First, the harm threatened by Torrance's continued contumacy is substantial. By violating the Court's orders, Torrance is frustrating the United States' attempt to collect his assessed tax liabilities, which approach nearly one million dollars. (ECF No. 75 at 6). Second, given the scale of this debt, a lesser sanction is unlikely to be effective. Third, Torrance has violated the

Court's orders requiring him to produce information showing his financial resources. The Court declines to reward this conduct by reducing the sanction amount on this basis.

In response to the magistrate judge's proposed Findings and Recommendations, Torrance asserts two objections. First, he contends that the Court erred by enforcing the IRS summons. (ECF No. 78 at 1-8). Second, he suggests that he cannot comply with the Court's orders because he does not have all of the information demanded by the summons. (*Id*. at 1 n.2). The Court overrules both objections for the reasons stated below.

Torrance's contention that the Court erred by enforcing the summons is misguided. In affirming a contempt finding from this district long ago, the United States Supreme Court held that a "contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed." *United States v. Rylander,* 460 U.S. 752, 757 (1983) (citing *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948)). This is because "disagreement with . . . the merits of the underlying order is not a justification for disobeying the order." *United States v. Singh*, 2016 WL 1089153, at *4 (E.D. Cal. Mar. 21, 2016). Accordingly, this proceeding is not an opportunity to "revisit the factual and legal basis underlying the court's . . . order." *Id*.

Here, Torrance disagrees with the merits of the underlying order. He complains that the magistrate judge "failed to mention *Powell* and its four mandatory elements." (ECF No. 78 at 1). This argument lacks merit, as the Court considered the *Powell* factors. (*See* ECF No. 20 at 3, 5). But in any case, Torrance's dispute with the underlying order does not justify his noncompliance here. *Rylander,* 460 U.S. at 757.

Next, Torrance's bare allegation that he does not possess any responsive documents does not excuse his noncompliance. In "a civil contempt proceeding such as this, of course, a defendant may assert a present inability to comply with the order in question." *Rylander*, 460 U.S. at 757. But in raising this defense, Torrance bears the burden of production. *Id.* (collecting cases).

Torrance fails to meet this burden because he offers "vague and general statements" about not possessing certain books and records, which are "insufficient to demonstrate that compliance with the court's order is factually impossible." *Singh*, 2016 WL 1089153, at *4. Additionally, Torrance "has not shown that he lacks the ability to obtain documents from any financial entity with which he holds

ORDER                                           5

accounts." *Id*. Finally, Torrance further undermined this defense during the November 24, 2020 hearing, when he represented to the Court that he has certain documents demanded by the summons and that he intends to comply with the Court's orders.

**IV.   Conclusion**

The Court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the proposed Findings and Recommendations in full.  Accordingly, it is ORDERED that:

1. The proposed Findings and Recommendations (ECF No. 75) are adopted.
2. Torrance is adjudged to be in contempt of court.
3. In order to provide Torrance with one final opportunity to comply with the October 4, 2019 and April 22, 2020 orders, the Court stays the impact of this order for thirty days.
4. Unless Torrance complies with the October 4, 2019 and April 22, 2020 orders within that 30 day period, Torrance shall pay a coercive daily fine of $350 for each day that he fails to comply with those orders to the Clerk of Court.
5. Torrance is admonished that further violations of the Court's orders may result in additional sanctions, including incarceration.
6. The United States shall file a status report within thirty days from the entry of this order.

IT IS SO ORDERED

DATED:  December 11, 2020

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE